IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS M. LINDSEY | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:10cv557-LG-RHW |
| | § | |
| RONNIE McKENNA | § | DEFENDANT |

**ORDER DISMISSING CASE FOR LACK
OF SUBJECT MATTER JURISDICTION**

THIS MATTER IS BEFORE THE COURT *sua sponte* for the purpose of considering whether this Court has subject matter jurisdiction over this lawsuit. Upon reviewing the pleadings and the applicable law, the Court finds that it does not have jurisdiction over this lawsuit. As a result, the lawsuit must be dismissed without prejudice.

### DISCUSSION

On December 7, 2010, Thomas M. Lindsey filed a *pro se* Replevin Complaint against Ronnie McKenna. Lindsey claims that he owns and is entitled to immediate possession of a Plymouth Van and its contents, which are being held at Ronnie's Automotive Repair & Towing in Gulfport, Mississippi. He claims that the property was taken without legal notice by Gulfport Police Officer B. Worthington. He claims that the property is worth approximately $8000, and the wrongful detention of the property costs him $100 a day in damages.

The federal courts must address questions of subject matter jurisdiction whenever they are raised and must consider jurisdiction *sua sponte* if it is not raised by the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also*

Fed. R. Civ. P. 12(h)(3).  28 U.S.C. § 1331 provides that district courts have original jurisdiction over all actions arising under the Constitution, laws, or treaties of the United States.  Meanwhile, 28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, and the civil action is between citizens of different states.

Both Lindsey and McKenna, according to the Complaint, are residents of Mississippi.  Moreover, Lindsey claims damages that do not exceed $75,000, and he asserted no claims arising under federal law.  As a result, the Court entered an Order requiring Lindsey to provide a brief regarding whether subject matter jurisdiction exists.  Lindsey responded that McKenna unlawfully seized his property while acting as an agent for the City of Gulfport.  He alleges that the property was seized without due process in violation of the Fourteenth Amendment to the United States Constitution.

The Fourteenth Amendment protects against the deprivation of one's property by state actors without due process of law.  However, the United States Supreme Court has held that:

> an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.  For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.

*Hudson v. Palmer*, 468 U.S. 517, 534 (1984).

Lindsey alleges in his Complaint that the County Court of Harrison County,

Mississippi, has refused to allow him to file an *in forma pauperis* replevin complaint. However, the reason why Lindsey's state court complaint was rejected is unclear. The Fifth Circuit has held that Mississippi provides adequate post deprivation remedies to indigent litigants, because a state court complaint for conversion is available under Mississippi law. *Nickens v. Melton*, 38 F.3d 183, 184-85 (5th Cir. 1994). Furthermore, in Mississippi, an indigent litigant has the right to initiate a lawsuit in civil court if he submits an affidavit attesting to his impoverished state. *See* Miss. Code Ann. § 11-53-17. As a result, regardless of whether the seizure of Lindsey's property was negligent or intentional, his right to procedural due process was not violated due to the existence of adequate post deprivation remedies.

Because Lindsey has not stated a claim for violation of federal law and because diversity of citizenship does not exist in this lawsuit, the Court finds that it does not have subject matter jurisdiction over Lindsey's claims. Therefore, this lawsuit must be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this case is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED** this the 24th day of January, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE